**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRT Funding, LLC, ) | No. CV 08-749-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Carlsbad Development I, LLC; et al., ) | |
| ) | |
| Defendants. ) | |

On June 2, 2008, this Court issued the following order:

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).
In this case, the complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).
Accordingly,
**IT IS ORDERED** that by June 9, 2008, Plaintiff (who is the party asserting jurisdiction and therefore the party with the burden of pleading jurisdiction, *see Industrial Tectonics*, 912 F.2d 1090, 1092 (9th Cir. 1990)) shall file an amended complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.
**IT IS FURTHER ORDERED** that Plaintiff is cautioned that it will be given one opportunity to amend to cure the jurisdiction defects. The Court will not issue additional sua sponte show cause orders to advise Plaintiff how to plead jurisdiction.[1]  Therefore, if the amended complaint fails to plead federal

---

[1] The Court should not give a party advice because advice, "would undermine district judges' role as impartial decision makers." *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

subject matter jurisdiction, this case will be dismissed without the Court sua sponte granting Plaintiff any further opportunities to amend.

In response to this Order, Plaintiff filed an amended complaint on June 9, 2008. The amended complaint still fails to plead federal subject matter jurisdiction and, accordingly, will be dismissed.

Specifically, *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006), holds that a limited liability company takes on the citizenship of each of its members for purposes of diversity jurisdiction. In this case, Defendant Carlsbad Development I, LLC, is a limited liability company. However, the amended complaint does not plead the citizenship of the members of this LLC.

Further, *Johnson* holds that, "A trust has the citizenship of its trustee or trustees." *Id.* One of the members of the Plaintiff LLC is a trust, but the amended complaint fails to plead the citizenship of the trustee or trustees.

For the foregoing reasons, the complaint, as amended, fails to plead federal subject matter jurisdiction, therefore,

**IT IS ORDERED** dismissing this case, without prejudice, for lack of federal subject matter jurisdiction.

DATED this 11th day of June, 2008.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge